NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

SAMANTHA EZELL, *Petitioner/Appellant,*

*v.*

TIFFANY TAPIA, *Respondent/Appellee.*

No. 1 CA-CV 16-0411 FC
FILED 6-21-2018

Appeal from the Superior Court in Maricopa County
No. FC2015-000218
The Honorable Geoffrey H. Fish, Judge

**REVERSED AND REMANDED**

COUNSEL

Campbell Law Group Chartered, Phoenix
By Claudia D. Work
*Counsel for Petitioner/Appellant*

Tiffany Tapia, Phoenix
*Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Randall M. Howe joined.

_____

**C A T T A N I**, Judge:

¶1          Samantha Ezell appeals the superior court's ruling that she is not the legal parent of a child born to Tiffany Tapia while the two were married. In light of the Arizona Supreme Court's holding in *McLaughlin v. Jones*, 243 Ariz. 29 (2017), and for reasons that follow, we reverse and remand.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          The relevant facts are not disputed. Ezell and Tapia, a same-sex couple, legally married in Canada in May 2012. Tapia was artificially inseminated with anonymous donor sperm and gave birth to a son, K., in October 2012. Arizona did not recognize the parties' marriage at the time of K.'s birth, and only Tapia was listed as a parent on the birth certificate. Ezell and Tapia agreed that K. and T. (Ezell's child born in 2009) would be raised as siblings by both parents.

¶3          In January 2015, Ezell filed a petition for dissolution of marriage, seeking an order recognizing her parentage of K. as well as legal decision-making and parenting time. Ezell argued, in pertinent part, that she was K.'s legal parent because she and Tapia were married at the time of K.'s birth. The superior court disagreed, reasoning that the plain meaning of Arizona's marital paternity presumption statute, Ariz. Rev. Stat. ("A.R.S.") § 25-814(A)(1)—under which a man is presumed to be the father of a child born while he and the mother are married—did not apply to Ezell, a woman, even though she and Tapia were married when K. was born. The court also found that, even if the presumption applied, Tapia had rebutted it under § 25-814(C) because the parties did not dispute that Ezell had no biological connection with K.

¶4          Ezell appealed to this court, and we stayed the appeal pending Arizona Supreme Court review in *McLaughlin v. Jones*, a substantially similar case. The court has since rendered its decision in that case, holding that "[b]ecause couples in same-sex marriages are

constitutionally entitled to the 'constellation of benefits [that] the States have linked to marriage,'" the statutory presumption of parentage applies to same-sex spouses. *McLaughlin*, 243 Ariz. at 31, ¶ 1 (quoting *Obergefell v. Hodges*, 135 S. Ct. 2584, 2601 (2015)). The court further held that, based on a joint parenting agreement between the parties before the child's birth and the parties' actions in reliance on that agreement thereafter, the birth mother was equitably estopped from rebutting her spouse's presumptive parentage of their child. *Id.* at 31, 38–39, ¶¶ 1, 41–43.

**¶5**　　　　With no reason to continue the stay, we consider the appeal in light of the decision in *McLaughlin*. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶6**　　　　Ezell requests that this court reverse the superior court's order that the marital presumption does not apply to her and that, even if it did apply, Tapia could rebut the presumption. Ezell further requests that we remand for further proceedings as necessary to comply with *McLaughlin*.

**¶7**　　　　Given the Arizona Supreme Court's holding in *McLaughlin* that the § 25-814(A)(1) marital presumption of parentage applies to same-sex couples, we reverse the superior court's ruling to the contrary. And based on *McLaughlin*'s holding that a parent may be equitably estopped from rebutting the presumption of parentage, we vacate the superior court's ruling that Tapia had rebutted the presumption. Because there are facts suggesting that Tapia may be equitably estopped from rebutting Ezell's presumption of parentage, we remand to permit the superior court to consider the applicability of the equitable estoppel doctrine to the facts of this case.

## CONCLUSION

**¶8**　　　　We reverse and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:　AA

3